# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RACHEL KOZLOWSKI,

Petitioner,

v.

CLARK COUNTY DETENTION CENTER, et al.,

Respondents.

Case No. 2:26-cv-01424-GMN-NJK

**ORDER**

Petitioner Rachel Kozlowski, a *pro se* litigant, has filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF No. 1-1. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] The Court concludes that Kozlowski fails to state a cognizable federal habeas claim and dismisses the Petition without prejudice.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Kozlowski fails to allege a cognizable federal habeas claim. She alleges that she completed her parole in December 2025, has already served her time in custody, but has been taken into custody pursuant to a parole violation. ECF No. 1-1 at 2, 7-8. A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "Thus, a habeas corpus petition must

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

allege a deprivation of one or more federal rights to present a cognizable federal habeas corpus claim." *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D. Nev. 1993).

Generally, matters relating to state sentencing are not cognizable on federal habeas review. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing laws does not violate due process thereby justifying federal habeas relief unless petitioner can show "fundamental unfairness"); *Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir. 1989) (question of whether a prior conviction qualifies for sentence enhancement under California law is not cognizable federal habeas claim).

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state's interpretation of its own laws or rules provides no basis for federal habeas relief because no federal question arises. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (federal courts may not reexamine state court decisions on state law issues). A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Kozlowski's claim presents no federal question because they plainly involve the application or interpretation of state law regarding parole. *See Swarthout v. Cooke*, 562 U.S. 216, 220–22 (2011) (noting that the Supreme Court has "long recognized that a mere error of state law is not a denial of due process"). Kozlowski's claim is a question of state law and therefore is not cognizable in federal habeas corpus proceedings.[2]

**IT IS THEREFORE ORDERED:**

1. Petitioner Rachel Kozlowski's Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice.
2. Petitioner is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

---

[2] The Court notes that his claims also appear non-cognizable in federal habeas because success on their merits "would not necessarily lead to immediate or speedier release" given the discretionary nature of parole decisions. *See Nettles v. Grounds*, 830 F.3d 922, 934–35 (9th Cir. 2016).

3. The Clerk of Court is kindly directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from Respondents other than to respond to any orders of a reviewing court.

4. The Clerk of Court is further kindly directed to enter final judgment accordingly, dismissing this action without prejudice, and close this case.

DATED: July 15, 2026

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE